# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SARAH S.C. MOREAU, | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | Civil Action No. 4:24-cv-857-ALM-AGD |
| | § | |
| ANDREW CHRISTOPHER WHITE, | § | |
| | § | |
| *Respondent*. | § | |
| | § | |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 22, 2024, the Magistrate Judge entered a Report (Dkt. #24) recommending that Respondent Andrew Christopher White's Motion to Dismiss (Dkt. #17) be denied. On November 29, 2024, Respondent filed an objection to the Report (Dkt. #26) and Petitioner filed a Response on December 4, 2024 (Dkt. #29).

Accordingly, having received the Report (Dkt. #24), Respondent's objection (Dkt. #26), and having conducted a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report in full.

### I.     OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

In its objections, Respondent reiterates three arguments previously asserted before the Magistrate Judge (Dkt. #26). First, Respondent contends that the "Report makes an error of law in holding that federal abstention doctrine can never apply to Hague Convention cases" (Dkt. #26 at p. 1). Second, Respondent argues that the Report "makes an error of fact in applying *Younger* and *Colorado River* abstention doctrines to this case" (Dkt. #26 at p. 2). More specifically, Respondent argues that "the Report makes an incorrect and conclusory finding that no Hague Convention claim has been brought before the Texas Court in the proceedings before it" (Dkt. #26 at p. 2). Third, Respondent asserts that judicial estoppel bars Petitioner's requested relief (Dkt. #26 at p. 4–5). The Court will address each objection in turn.

A.  **Abstention Doctrine and the Hague Convention**

In its first objection, Respondent argues that the "Report makes an error of law in holding that federal abstention doctrine can never apply to Hague Convention cases" (Dkt. #26 at p. 1). The Court disagrees; the Magistrate Judge did not err. The Fifth Circuit has not stated to what extent federal abstention doctrine applies to Hague Convention cases. But as the Magistrate Judge noted (Dkt. #24 at p. 10), the Supreme Court has clearly stated that "federal courts have the power to dismiss or remand cases based on abstention principles *only* where the relief being sought is equitable or *otherwise discretionary*." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) (emphasis added). Notably, as the Magistrate Judge observed, the language of the Hague Convention is mandatory (Dkt. #24 at pp. 10–11). Thus, the Court cannot apply federal abstention doctrine to Hague Convention cases because the relief is not discretionary in nature. This conclusion is bolstered by persuasive authority from other circuits. *See, e.g., Silverman v. Silverman*, 267 F.3d 788, 792 (8th Cir. 2001) ("In the absence of discretion with respect to relief,

2

abstention principles do not permit an outright dismissal of a Hague petition."); *cf. Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) ("[W]here there is a state court custody proceeding and a petition is filed in federal court under the Hague Convention, but the Hague Convention has not been raised, or raised but not litigated, in the state court, the federal court has generally found that abstention is not appropriate.").

Respondent's objection critiques the Report for providing "no explanation" as to why the Magistrate Judge credited some persuasive authorities over others (Dkt. #26 at p. 2). This criticism is unwarranted. It is well established that the only binding authority upon the Court are decisions from the Fifth Circuit, the Federal Circuit (for some cases), and the Supreme Court.[1] *See Texas Voters Alliance v. Dallas Cnty.*, 495 F. Supp. 3d 441, 463 n.10 (E.D. Tex. 2020). Further, as alluded to above, the Court is convinced by the authorities the Magistrate Judge cited in the Report as opposed to the cases Respondent cited.

Because the Court finds that federal abstention doctrine is inapplicable to Hague Convention cases, Respondent's second objection—that the Report makes an error in applying *Younger* and *Colorado River* abstention doctrines to this case—also fails (Dkt. #26 at p. 2).

**B.    Judicial Estoppel**

Respondent's argument that judicial estoppel bars Petitioner's requested relief is also unpersuasive (Dkt. #26 at p. 4–5). The Fifth Circuit requires two elements for judicial estoppel to apply: "(1) the position of the party being estopped must be clearly inconsistent with its previous position; and (2) that party must have convinced the court to accept that previous position." *Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 117 F.4th 628, 638 (5th Cir. 2024) (cleaned

---

[1] In cases invoking the Court's diversity jurisdiction pursuant to 28 U.S.C § 1332, the Court is bound by state law. *See generally Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938).

up). Courts also consider "whether absent estoppel the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party." *Id.* (cleaned up). Respondent objects to the finding that Petitioner has taken consistent positions in both Texas and Canadian courts (Dkt. #26 at p.4). The Court disagrees. Reviewing the Report and the voluminous pleadings, the Court finds that Petitioner has consistently maintained that Canadian courts should determine the custody issue (*E.g.*, Dkt. #1 ¶ 28; Dkt. #17-11; Dkt. #17-16). Respondent attempts to fault Petitioner for requesting the Texas court order "a forensic evaluation for purposes of determining custody of the children" (Dkt. #26 at p. 4). However, earlier in the Texas court proceedings, Petitioner repeatedly asserted that the Canadian courts should hear the issue of custody (Dkt. #17-11; Dkt. #17-16). The Texas courts found these arguments unpersuasive which caused Petitioner to participate in the Texas proceedings (Dkt. #17-18). This does not mean that Petitioner has taken inconsistent positions, rather Petitioner is merely complying with orders from the Texas state court. Crucially, Petitioner raises the same argument she raised before the Texas court—that Canadian courts, not Texas courts should determine the children's custody—before the Court (Dkt. #1). This is not "clearly inconsistent" with Petitioner's previous position; therefore, the first element of judicial estoppel is not satisfied. *Occidental Petroleum Corp.*, 117 F.4th at 638. Thus, Respondent's third objection also fails.

## II.     CONCLUSION

It is therefore **ORDERED** that Respondent's Motion to Dismiss (Dkt. #17) is **DENIED**. It is further **ORDERED** that Respondent shall file his Answer on or before Thursday, December 12, 2024, at 5:00 p.m. Central Standard Time.

**IT IS SO ORDERED.**

**SIGNED this 9th day of December, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE