# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SARAH S.C. MOREAU, | § | |
| | § | |
| *Petitioner,* | § | Civil Action No. 4:24-CV-857 |
| v. | § | Judge Mazzant |
| | § | |
| ANDREW CHRISTOPHER WHITE, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Respondent's Emergency Motion For Order Staying Judgment Pending Appeal (Dkt. #64). Having considered the Motion, the relevant pleadings, and the pertinent caselaw, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

The facts of this case are fully set out in the Court's Findings of Fact and Conclusions of Law (Dkt. #61). Accordingly, the Court will only recount the events leading up to this Motion. On December 16, 2024, the Court held a bench trial in this case (Dkt. #45). Following the first day of trial, the Court conducted an *in camera* interview of W.F.W. and C.C.W. (collectively, "the children") (Dkt. #61 ¶¶ 67–70). The trial concluded the following day, December 17, 2024 (Dkt. #46). The Court issued its Findings of Fact and Conclusions of Law on January 17, 2025, and rendered its Final Judgment the same day (Dkt. #61; Dkt. #62). Respondent Andrew Christopher White filed his Notice of Appeal on January 21, 2025 (Dkt. #63). Then, on January 22, 2025, Respondent filed this Motion (Dkt. #64). Petitioner filed her Response on January 23, 2025 (Dkt. #66).

## LEGAL STANDARD

"A stay pending appeal is extraordinary relief for which [the movant] bear[s] a heavy burden." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023) (internal quotations omitted). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotations omitted). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (internal quotations omitted).  Where "there is even a fair possibility that the stay . . . will work damage to someone else[,]" the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (internal quotations omitted) ("'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'").

In determining whether to grant a stay, district courts must consider four factors (known in the Fifth Circuit as the "*Nken* factors"): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Plaquemines Par.*, 84 F.4th at 373 (quoting *Nken*, 556 U.S. at 434). The Supreme Court and Fifth Circuit alike have made clear

that "'[t]he first two factors . . . are the most critical.'" *Id.* (quoting *Nken*, 556 U.S. at 434). In articulating this standard, the Fifth Circuit has stated that it is "important[]" to recall that:

> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

*Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981)).

Importantly, the Supreme Court "has warned that issuance of routine stays in Hague Convention cases 'would conflict with the Convention's mandate of prompt return to a child's country of habitual residence.'" *Garcia v. Ramsis*, No. 4:21-CV-650-SDJ, 2022 WL 1271129, at *1 (E.D. Tex. Apr. 28, 2022) (quoting *Chafin v. Chafin*, 568 U.S. 165, 179 (2013)); *see also Hernandez v. Erazo*, No. 23-50281, 2023 WL 3175471, at *4 (5th Cir. 2023) (same). With these principles in mind, the Court addresses each factor in turn.

## ANALYSIS

### I.   Likelihood of Success on the Merits

The Court finds that Respondent is unlikely to succeed on the merits. Respondent begins by arguing that the Court erred in finding that Canada is the children's habitual residence (Dkt. #64 at ¶¶ 13–19). The Court is not persuaded. The Court carefully considered the arguments of counsel, the pertinent caselaw, the voluminous evidence in the record, and the credibility of the witnesses at trial. The Court is convinced that that the "totality of the circumstances" indicates that the children are habitual residents of Canada (Dkt. #61 at ¶¶ 74–82). *Monasky v. Taglieri*, 589 U.S. 68, 71 (2020).

Respondent also contends that the Court erred in finding that Respondent violated Petitioner's rights of custody by retaining the children in Texas (Dkt. #64 at ¶ 20). The Court

disagrees. Petitioner's expert, James Macdonnell, and Justice Morely's order of September 11, 2024,[1] convince the Court that it correctly found that Respondent violated Petitioner's rights of custody (Dkt. #61 at ¶¶ 86–89).

Respondent also contends that the Court erred by not finding that he satisfied the requirements of the consent defense (Dkt. #64 at ¶¶ 21–24). Again, the Court is not persuaded. The Court carefully analyzed *Larbie*—the case upon which Respondent's argument hinges—and determined that it is materially distinguishable from this case (Dkt. #61 at ¶¶ 95–107). Respondent's current argument on this point does not convince the Court that it incorrectly applied the law, nor that Respondent has a likelihood of success on appeal (Dkt. #64 at ¶¶ 21–24).

Respondent's argument regarding discretion is also unpersuasive. A court has discretion to determine whether to apply an exception to the Hague Convention. *England v. England*, 234 F.3d 268, 270–71 (5th Cir. 2000) ("[A] federal court has and should use when appropriate the discretion to return a child to his or her place of habitual residence if return would further the aims of the Convention.") (cleaned up); *see also Garcia v. Pinelo*, 808 F.3d 1158, 1167 (7th Cir. 2015) ("[Other Circuits and the U.S. Department of State] have said that a district court retains discretion not to apply an exception . . . ."); *de Silva v. Pitts*, 481 F.3d 1279, 1285 (10th Cir. 2007) (same); *Baran v. Beaty*, 526 F.3d 1340, 1345 (11th Cir. 2008) (same). Notably, the Court *did not* exercise its discretion regarding the affirmative defenses because Respondent failed to prove their elements at trial. Accordingly, the Court is not convinced that Respondent has a likelihood of success on appeal regarding this issue.

---

[1] This Order "provided that the children were and continue to be habitual residents of British Columbia, Respondent was in breach of the court's order, and . . . it [that] required the children to be returned to the care of Petitioner" (Dkt. #61 at ¶ 89).

Respondent's argument that the Court should issue a stay because novel issues exist in this case also fails. Respondent is correct that the case presents at least one issue of first impression—whether the habitual residence of children can change when a court temporarily permitted a move to a foreign jurisdiction. Respondent also asserts that issues of first impression "may also have been raised" regarding the age and maturity exception (Dkt. #64 ¶ 25). Though this case may present issues of first impression, the Court is not convinced that Respondent is likely to succeed on appeal because the Court properly applied the relevant caselaw to the facts of this situation. Also, it would be improper to grant a stay in a Hague Convention case merely because it presents novel legal issues. If that were the case, a losing party would always contend that the issues presented were novel to obtain a stay. This scenario would contravene Supreme Court precedent cautioning courts from routinely granting stays in Hague Convention cases. *See Chafin*, 568 U.S. at 178–79; *Hernandez*, 2023 WL 3175471, at *4. As such, the Court is not convinced that Respondent has a likelihood of success on appeal regarding this issue.

In sum, the Court concludes that this factor cuts against granting a stay.

**II.  Irreparable Injury Absent a Stay**

Respondent fails to establish that he will be irreparably injured absent a stay. Respondent argues that "any favorable decision would be rendered moot absent either (i) Petitioner's voluntary compliance, while in Canada, with a U.S. Court Order, whether made by this Court or the [Fifth Circuit], directing a return of the Children from Canada, or (ii) recognition and enforcement of such a U.S. Court Order by a Canadian court" (Dkt. #64 at p. 12). This argument is unpersuasive, as it would require either (1) that Petitioner not comply with an order from the Court or the Fifth Circuit; or (2) for the Canadian court not to recognize an order from the aforementioned courts. At this juncture, it is mere speculation this would occur. In fact, the order Respondent cites

5

explicitly discusses orders from the Texas court, it does not indicate that any order issued by a U.S. court would not be recognized (Dkt. #64 at ¶ 29 (citing Dkt. #54-11[2] at ¶¶ 12, 42–43)). Accordingly, if Respondent received a favorable decision from the Fifth Circuit, Respondent could take a similar approach as Derek in *Larbie*, petition the Canadian court for recognition of the order, and the children would be returned to Respondent's care. *Cf. Larbie v. Larbie*, 690 F.3d 295, 305–06 (5th Cir. 2012). Thus, this factor also cuts against granting a stay.

### III.    Whether Issuance of the Stay Will Substantially Injure Other Parties

The Court finds that issuing a stay will substantially injure other parties. First, issuing a stay will substantially injure Petitioner because it deprives her of the right to return to Canada with the children. While Petitioner may be able to exercise her custody rights in Texas, she still must expend fiscal resources to be in the state to visit her children. Further, Petitioner wishes to regain custody of the children so they can all return to Canada (*See* Dkt. #1). Thus, there is a substantial harm from being required to travel to Texas, participate in trial, await a decision, receive a favorable decision from the Court, then be forced to wait (for an unknown period) on a final decision from the Fifth Circuit. Currently, the Court's decision is operative and should go into effect. As such, the Court finds that Petitioner will be substantially harmed if the Court issued a stay.

The children will also be substantially injured by issuing a stay. The longer the children reside in Texas, the more difficult it becomes to return home to their country of habitual residence—Canada. Given how unlikely Respondent is to succeed on appeal, forcing the children to remain in Texas would cause them to "lose precious months when [they] could be readjusting

---

[2] Respondent's citation is the following: Dkt. #54-13, at para. 12, 42–43. This citation is to the Certification of Records of Regularly Conducted Business Activity. Given the contents of Respondent's argument, the Court presumes Respondent is referring to Dkt. #54-11, which is Petitioner's Exhibit 13—Justice Morley's Reasons for Judgment dated September 11, 2024.

to life" in Canada. *Chafin*, 568 U.S. at 178. Respondent argues that not granting a stay risks upending the children's lives because it would force them to move to Canada and then return to Texas if the Fifth Circuit reverses the Court. Respondent notes that the return to Canada followed by a possible return to Texas would be especially disruptive given the children's educational needs. The Court, however, notes that Respondent is the party responsible for interrupting the continuity of the children's education. The Canadian court allowed Respondent to take custody of the children over the summer but required Respondent to return the children to Canada prior to the start of school (Dkt. #61 at ¶ 57). Respondent—though he consented to the order—disobeyed the Canadian court by retaining the children in Texas (See Dkt. #61 at ¶¶ 57–62). Respondent cannot be allowed to reap the benefit of his wrongful retention of the children in Texas. Thus, this factor also cuts against granting a stay.

IV.   **Public Interest**

The Court finds that the public interest disfavors granting a stay. Respondent argues that the "public has in interest in knowing that the district courts will take appropriate measures to maintain the status quo[] and prevent irreparable harm" and that the "public has an interest in ensuring that constitutional rights are protected" (Dkt. #64 at p. 14). Petitioner counters by noting that the Supreme Court encourages lower courts to expeditiously adjudicate Hague Convention cases and to limit any delay in returning children to their country of habitual residence (Dkt. #66 at pp. 14–15). The Court agrees with Petitioner. The Supreme Court has instructed lower courts to carefully consider whether to grant stays in Hague Convention cases. *See Chafin*, 568 U.S. at 178. In fact, the Supreme Court has noted that "[r]outine stays could . . . increase the number of appeals" in these types of cases because "[i]f losing parents were effectively guaranteed a stay, it seems likely that more would appeal." *Id.* at 178–79. The Supreme Court emphasized that this

scenario of increased appeals "would undermine the goal of prompt return and the best interests of children who should in fact be returned." *Id.* at 179. Respondent's argument does not recognize that the public has an interest in undoing a set of circumstances that violates the Hague Convention. Here, the Court found that Petitioner established her *prima facie* case and Respondent could not satisfy the necessary elements of his affirmative defenses (*See* Dkt. #61). Accordingly, maintaining the status quo would be inappropriate in this situation. Further, as explained above, the Court is not convinced that Respondent will suffer irreparable harm from the return of the children to Canada. Lastly, by expeditiously resolving this dispute and the present Motion, the Court is ensuring that Petitioner and Respondent's due process rights are protected. Petitioner can take possession of the children and return them to their country of habitual residence, while Respondent can (as he represented to the Court) promptly appeal this Court's Findings of Fact and Conclusions of Law as well as its decision regarding the stay pending appeal (Dkt. #64 at p. 3). Thus, the Court finds that his factor cuts against granting a stay.

In conclusion, the Court finds that each *Nken* factor cuts against granting a stay. *Plaquemines Par.*, 84 F.4th at 373 (quoting *Nken*, 556 U.S. at 434).

## CONCLUSION

It is therefore **ORDERED** that Respondent's Emergency Motion For Order Staying Judgment Pending Appeal (Dkt. #64) is hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 24th day of January, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE